**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

DONNIE MAIDEN,                          *
ADC #154687,                            *
                                        *
                    Petitioner,         *
v.                                      *                    No. 4:20-cv-00724-JJV
                                        *
DEXTER PAYNE, Director,                 *
Arkansas Division of Correction,        *
                                        *
                    Respondent.         *

## MEMORANDUM AND ORDER

## I.      INTRODUCTION

Petitioner Donnie Maiden, an inmate at the East Regional Unit of the Arkansas Division

of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. (Doc. No. 1). Mr.

Maiden was convicted by a jury in Pulaski County, Arkansas, of capital murder. (Doc. No. 5, at

2). He was sentenced to a term of life imprisonment without parole. (*Id.*) The Arkansas Supreme

Court summarized the basic facts of the case as follows:

> On November 7, [2011] Tim Bradley and [Kylaus] Williams, along with
> Bradley's cousin, Leroy Butler, drove to a motel, where they picked up [Donnie]
> Maiden and [Trenell] Emerson. The five drove to another hotel, and Bradley exited
> the car to purchase a drink from a nearby convenience store. While he was gone,
> Williams left to sell some marijuana for Maiden. As they were waiting to hear from
> Williams, Butler left.
>
> Williams later called and reported that he had been robbed and asked them
> to pick him up. Maiden drove, Emerson was in the seat behind him, and Bradley
> was in the passenger's seat. After arriving at Williams's location, Maiden joined
> Emerson in the backseat of the car, and Williams drove the four of them to "B.
> house" at Maiden's request. Upon their arrival at B. house, Williams stopped the
> car and Bradley began to exit the car to use the restroom. Maiden then opened his
> door to exit the car and shot Williams, and Bradley took off running. Maiden
> dragged Williams's body out of the car, and he and Emerson left the scene.
>
> Maiden and Emerson eventually abandoned the car and ran. Maiden then
> called a taxi, which took him and Emerson to a hotel in downtown Little Rock.
> Subsequently, they bought bus tickets and boarded a Greyhound bus to California.
> Using the cell phone number that the men had used to register at the hotel, Arkansas

police tracked the GPS coordinates of the phone and were able to determine the men's location. The bus was stopped by police in Phoenix, Arizona, and the men were taken into custody by the Phoenix police.

(Doc. No. 1, at 21-22).

On direct appeal, Mr. Maiden argued the circuit court (1) abused its discretion when it prevented him from impeaching Tim Bradley with his prior acts of untruthfulness; (2) abused its discretion when it prevented him from impeaching Trenell Emerson with his prior inconsistent statements; (3) erred in denying his motion for mistrial based on discovery violations; (4) the overlap of Arkansas Code Annotated sections 5-10-101(a)(4) and 5-10-102(a)(2) (Repl. 2013) violates article 2, section 3, of the Arkansas Constitution; (5) committed reversible error when it ridiculed defense counsel in the jury's presence; and (6) abused its discretion when it failed to conduct a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). (*Id.* at 20-21.) The Arkansas Supreme Court rejected each argument and affirmed his conviction and sentence. (*Id.* at 42.)

Mr. Maiden subsequently filed a timely petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. (Doc. No. 1, at 43-46). He asserted twenty-six grounds for relief, including ineffective assistance of counsel and prosecutorial misconduct. (Doc. No. 5. Ex. F, at 73). The circuit court denied Mr. Maiden's petition for post-conviction relief without a hearing stating that he failed to satisfy the *Strickland* test and failed to state cognizable grounds for relief under Arkansas Rule of Criminal Procedure 37. (*Id.* at 77.)

Mr. Maiden appealed to the Arkansas Supreme Court and asserted the circuit court erred with respect to its decision to deny relief on four of his claims of ineffective assistance of counsel and for an extension of time to file a reply brief in the appeal. (Doc. No. 1, at 48.) The court denied relief stating it was clear from the face of Mr. Maiden's petition that he did not substantiate grounds

for relief. (*Id.*) Without a hearing, the Arkansas Supreme Court denied the motion for extension brief time and affirmed the circuit court's order. (*Id.*)

In the Petition for Writ of Habeas Corpus now before the Court, Mr. Maiden raises several claims for relief. (Doc. No. 1). He alleges (1) the trial court erred by preventing him from impeaching Trenell Emerson with his prior inconsistent statements under Ark. R. Evid. 608; (2) the trial court erred by denying his motion for mistrial due to the prosecutor's discovery violation under Ark. R. Crim. P. 17; (3) Ark. Code Ann. §§ 5-10-101(a)(4) and 5-10-02(a)(2) (Repl. 2013), overlap in violation of the Arkansas Constitution; (4) the trial court committed reversible error when it ridiculed defense counsel in the jury's presence; (5) the trial court abused its discretion by failing to conduct a *Daubert* hearing before admitting expert testimony about a palm print found at the scene of the murder; and (6) ineffective assistance of counsel. (Doc. No. 1, at 16-18.) Respondent contends that claims 1-3 fail to state a federal constitutional claim; claims 4-5 are procedurally defaulted; claims 6.2, 6.7, 6.8, and 6.9 were reasonably adjudicated on the merits by the Arkansas Supreme Court; and the remaining sub-points under claim 6 are procedurally defaulted. (Doc. No. 5, at 5). After careful consideration of the Petition and Response, the I find the Petition must be dismissed with prejudice.

## II.   ANALYSIS

### A.  Failure to State a Constitutional Claim

A person seeking habeas relief in the United States District Court is required to bring a claim that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a); *see also*, *e.g.*, *Evanstad v. Carlson*, 470 F.3d 777, 782 (8th Cir. 2006) ("'[F]ederal habeas corpus relief does not lie for errors of state law . . . [and] it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Mr. Maiden's claims that (1) the trial

court erred by preventing him from impeaching Trenell Emerson with his prior inconsistent statements under Ark. R. Evid. 608; (2) the trial court erred by denying his motion for mistrial due to the prosecutor's discovery violation under Ark. R. Crim. P. 17; and (3) Ark. Code Ann. §§ 5-10-101(a)(4) and 5-10-02(a)(2) (Repl. 2013), overlap in violation of the Arkansas Constitution, are premised on state law and cannot be the basis for habeas relief. Therefore, Mr. Maiden's claims 1-3 are not subject to federal habeas relief.

### B.  Procedural Default

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")).  The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) ("We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'"); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981). In order to fairly present a federal claim to the state courts, the petitioner must have referred to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts." *Murphy*, 652 F.3d at 849 (quoting *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997)).

A state inmate procedurally defaults a claim by violating a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court. (*Id.*) If it would be futile for a petitioner to return to the state courts to present his or her claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is] failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). When a state prisoner has defaulted his or her federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). That is, a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent.

### 1. Claim 4: The Trial Court Committed Reversible Error When It Ridiculed Defense Counsel in the Jury's Presence

Mr. Maiden raised this claim on his direct appeal and the Arkansas Supreme Court declined to reach the merits of his argument. (Doc. No. 1, at 20, 37-40). Mr. Maiden failed to object contemporaneously to the trial court's comments as is required under Arkansas law to preserve the issue for appeal. (*Id.* at 37); *see also Springs v. State*, 368 Ark. 256, 260, 244 S.W.3d 683, 686 (2006). On his direct appeal Mr. Maiden argued that the third exception in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980) applied, which would allow the court to reach the merits of his case. (Doc. No. 1, at 37). The third exception in *Wicks* "relates to the trial court's duty to intervene, without an objection, and correct a serious error either by an admonition to the jury or by ordering a mistrial." *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). The Arkansas Supreme Court

noted that the third *Wicks* exception is narrow and the court would "not reverse when the circuit court's comments reveal mere irritation at counsel's trial tactics." (Doc. No. 1, at 40). The Arkansas Supreme Court's denial of review rests on an independent and adequate state ground. Mr. Maiden has not demonstrated cause for the default and actual prejudice as a result of the alleged violation of federal law, nor has he shown that failure to consider this claim will result in a fundamental miscarriage of justice. Therefore, Mr. Maiden's fourth claim is procedurally defaulted.

> **2.   Claim 5: The Trial Court Abused its Discretion by Failing to Conduct a *Daubert* Hearing Before Admitting Expert Testimony About a Palm Print Found at the Scene**

Before his trial, Mr. Maiden made a motion in limine to exclude the expert testimony of Wesley Sossamon, a latent-print examiner with the Arkansas State Crime Lab. (*Id.*) He argued that Mr. Sossamon's testimony did not comply with the *Daubert* standard and was scientifically unreliable. (*Id.* at 41). At an omnibus hearing, the trial court ruled the motion was untimely. (*Id.*) Mr. Sossamon testified at trial that a palm print found at the crime scene belonged to Mr. Maiden. (*Id.*) On his direct appeal, Mr. Maiden claimed that the Arkansas Supreme Court should reverse and remand his case because the circuit court abused its discretion in failing to conduct a *Daubert* hearing. (*Id.*) The Arkansas Supreme Court held that because the circuit court based its decision solely on the timeliness of the motion, they could not reach the merits of Mr. Maiden's argument on appeal. (*Id.*) *See also*, *Phillips v. State*, 334 Ark. 578, 580, 976 S.W.2d 392, 393 (1998) (per curiam). The Arkansas Supreme Court applied a state procedural bar to Mr. Maiden's claim. (Doc. No. 1, at 41). Mr. Maiden has not shown cause and prejudice resulting from the default or that a fundamental miscarriage of justice will occur from failure to consider his claim. Therefore, Mr. Maiden's fourth claim is procedurally defaulted.

**C.  Claim 6 is Impermissibly Pleaded**

28 U.S.C. § 2254 states that pro se petitions are to be liberally construed to prevent injustice. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, Section 2254 Rule 2(c) states that the petition "must specify all the grounds for relief available to the petitioner." The Eight Circuit held in *Adams v. Armontrout* that "in order to substantially comply with the Section 2254 Rule 2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). The *Adams* court further held that "[w]e do not believe that 28 U.S.C. § 2254 or the Section 2254 Rules require the federal courts to review the entire state court record of habeas corpus petitioners to ascertain whether facts exist which support relief. Requiring such an exhaustive factual review of entire state court records would pose an insuperable burden on already strained judicial resources." *Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir. 1990).

Mr. Maiden's ineffective assistance of counsel claim is broken down into twelve subparts: "1) failing to present the defense and causing prejudice for Petitioner; 2) failing to present video evidence to the jury to impeach a State's key witness; 3) failing to object to the Circuit Court's negative comments at trial; 4) failing to impeach witness Tim Bradley with his prior charge of failing to provide his name to a police officer; 5) failing to make contemporaneous objections and a motion for mistrial based upon the State's discovery violations; 6) failing to show the State failed to comply with the Arkansas Criminal Procedure Rules; 7) failing to introduce DNA evidence; 8) failing to timely request a review of the palm print evidence pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993); 9) failing to subpoena witnesses; 10) failing to introduce evidence regarding witness's character and credibility; 11) failing to suppress certain evidence; and 12) lacking competence." (Doc. No. 1, at 18). This court finds that according to the pleading

standard in *Adams*, Mr. Maiden's bare assertions in claim six are improperly pleaded. The subpoints of claim six are too generalized and unspecific to grant habeas relief. Furthermore, even if Mr. Maiden's assertions in claim six were not improperly pleaded, they were either reasonably adjudicated on the merits in state court or are procedurally defaulted.

### 1.  Claims 6.1, 6.3, 6.4, 6.5, 6.6, 6.10, 6.11, and 6.12 are Procedurally Defaulted

Respondent asserts these eight claims are all procedurally defaulted because they were not raised in Mr. Maiden's state post-conviction proceedings. (Doc. No. 5, at 21). *Martinez v. Ryan*, 566 U.S. 1 (2012), modified the general rule that an attorney's error in a post-conviction proceeding do not qualify as cause for a default:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

566 U.S. at 14.

In *Trevino v. Thaler*, 569 U.S. 413, 429 (2013), the Court expanded the holding in *Martinez* to cases in which the state procedures, by reason of their design and operation, make it "highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." And in *Sasser v. Hobbs*, 735 F.3d 833, 852-53 (8th Cir. 2013), the United States Court of Appeals for the Eighth Circuit held the *Trevino* analysis applies – and *Martinez* is therefore applicable – in Arkansas cases because Arkansas does not generally afford defendants meaningful review of ineffective-assistance-of-trial-counsel claims on direct appeal.

Given the facts in this case and the claims raised here, under *Martinez* and *Trevino*, the undersigned concludes that, under the first prong of this analysis, none of Mr. Maiden's defaulted claims rise to the level of "substantial." A review of the record indicates trial counsel had reasonable, strategic justifications for taking these actions at trial. Additionally, Mr. Maiden's support for the supposed inactions of defense counsel relies only on speculation. Thus, claims 6.1, 6.3, 6.4, 6.5, 6.6, 6.10, 6.11, and 6.12 are procedurally barred.

**2. Claims 6.2, 6.7, 6.8, and 6.9 Were Reasonably Adjudicated on the Merits in State Court**

28 U.S.C. § 2254(d)(1)-(2) states that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or . . . decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 364-65 (2000); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 365. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state

court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003). The record does not support that such a case exists here.

Mr. Maiden asserts that his trial counsel was constitutionally ineffective in the way he failed to present video evidence, failed to introduce DNA evidence, failed to timely request a *Daubert* hearing, and failed to subpoena witnesses. However, the Arkansas Supreme Court thoroughly reviewed each of these claims, using *Strickland v. Washington*, 466 U.S. 668 (1984), as its framework and concluded the claims lacked merit. (Doc. No. 1, at 56). Upon review of the Arkansas Supreme Court's decision in Mr. Maiden's case, I find it is not contrary to clearly established federal law. Under 28 U.S.C. § 2254(d)(1), the only remaining question is whether the Arkansas Supreme Court made a reasonable application of that standard to Mr. Maiden's claims. Before answering that question, though, it is important to note that when the 28 U.S.C. § 2254(d)(1) reasonableness standard is applied to a state court's adjudication of ineffective assistance of counsel claims, federal habeas courts are only required to "determine what arguments or theories supported or . . . could have supported, the state court's decision; and then [determine] . . . whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the United States Supreme Court]." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

In its review, the Arkansas Supreme Court found that all of the above claims were meritless. (Doc. No. 1, at 56). With respect to the claim that Mr. Maiden's counsel was ineffective for failing to present video evidence to the jury to impeach a State's key witness, the Arkansas Supreme Court stated:

> Maiden's first point for reversal of the trial court's order is that the court erred in not granting relief on Maiden's allegation that his trial counsel should have presented the video of Trenell Emerson's interrogation by the police to the jury so that Emerson's testimony could have been impeached with his prior inconsistent statements.

10

At trial, Maiden's counsel cross-examined Emerson about statements Emerson had made to a detective. Emerson either denied, or said he could not recall, having made several of the statements. When counsel tried to impeach Emerson with a transcript of his statement, Emerson denied having said what was in the transcript. Counsel later sought to impeach Emerson's testimony by questioning the detective who had interrogated Emerson, but the State's objection to the questioning as hearsay was sustained. When Maiden argued on direct appeal that the trial court erred in sustaining the objection, we noted that Emerson's testimony was riddled with inconsistencies and that he admitted having given false prior statements; thus, Emerson's credibility had been impeached, and Maiden had not been denied the opportunity to challenge Emerson's credibility before the jury. *Maiden*, 2014 Ark. At 9, 438 S.W.3d at 270.

Maiden did not state a ground for relief under the Rule because he failed to offer factual substantiation to overcome the presumption that counsel's failure to put the video into evidence was an error on counsel's part that prejudiced him. Maiden did not explain what more counsel could have done to bring out Emerson's inconsistent statements to the jury, and he did not offer any facts to demonstrate that the video of the interrogation, in itself, would have been so significant that he was prejudiced by counsel's failure to introduce it, particularly in light of the multiple examples of Emerson's inconsistencies that were revealed at trial. The burden is entirely on the claimant to prove facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. *Carter v. State*, Ark. 166, 460 S.W.3d 781.

(Doc. No. 1, at 52-53).

This court finds the Arkansas Supreme Court neither erred in its holdings nor applied the facts unreasonably. The same applies for Mr. Maiden's claims 6.7, 6.8, and 6.9. Claim 6.7 asserts that Mr. Maiden's attorney was deficient for failing to introduce DNA evidence. The Arkansas Supreme Court, in utilizing the *Strickland* standard, held that Mr. Maiden could not show actual prejudice that arose from his counsel's alleged ineffectiveness, saying:

In his second argument for reversal of the order, Maiden contends that his counsel was remiss in not presenting DNA evidence to show that he was not the shooter of the gun that killed the victim. Maiden did not present any substantiation for the assertion that the absence of his DNA on the gun would have established that he was not the shooter, and the mere lack of a DNA match did not show that Maiden was prejudiced by counsel's conduct with respect to the DNA findings. *See McDaniel's v. State*, 2014 Ark. 181, 432 S.W.3d 644 (holding that even if appellant's DNA was not on the victim's clothing, appellant had failed to delineate the actual prejudice that arose as a result of trial counsel's alleged ineffectiveness,

and his bare assertions of prejudice was a conclusory allegation that could not form the basis of relief).

(Doc. No. 1, at 53).

Claim 6.8 purports that counsel was ineffective by not timely requesting a *Daubert* hearing for the palm print recovered from the crime scene. The Arkansas Supreme Court held that:

> In his third claim for reversal, Maiden alleges that counsel was ineffective by not "timely and/or appropriately" objecting to evidence pertaining to the palm print found in the car. As we noted on direct appeal, counsel filed a motion in limine to exclude expert testimony relating to the palm print. Even though counsel did not bring the motion in a timely manner, Maiden did not meet his burden of proving ineffective assistance of counsel under *Strickland* because he failed to show with facts that there would have been any basis to challenge the expert opinion that the palm print was his if the motion had been timely. It is axiomatic that a petitioner seeking postconviction relief on a claim of ineffective assistance that is based on a failure to make a motion or objection must show on what basis counsel could have made a successful argument in order to demonstrate the prejudice required under the *Strickland* test. *Gordon*, 2018 Ark. 73, 539 S.W.3d 586. Failure to make a meritless objection or motion does not constitute ineffective assistance of counsel, and the onus is on the petitioner to show that counsel failed to raise a meritorious issue. *Id.* The entirely conclusory assertion that the palm print could have been challenged with no statement of the basis for the challenge does not demonstrate that Maiden's defense was prejudiced.

(Doc. No. 1, at 53-54).

Finally, claim 6.9 asserts that his trial counsel was ineffective for failing to subpoena witnesses. The Arkansas Supreme Court said:

> Maiden asserts that the trial court erred in denying his claim that his counsel was ineffective for failing to subpoena Eric Emerson to testify. During the trial, the State explained that Eric, who was on the State's witness list, could not be found and that Eric had never been served with a subpoena to appear at Maiden's trial. Defense counsel requested a mistrial on the ground that the State had stated that Eric would be present to testify and that Eric's testimony was crucial to the defense. Counsel conceded that [he] had erred in not issuing a defense subpoena for Eric. The request for a mistrial was denied.
> The objective in reviewing an assertion of ineffective assistance of counsel for failure to call certain witnesses is to determine whether that failure resulted in actual prejudice that denied the petitioner a fair trial. *Smith v. State*, 2015 Ark. 165, 459 S.W.3d 806. When a petitioner alleges ineffective assistance of counsel for failure

to call a witness, it is incumbent on the petitioner to not only name the witness but to also provide a summary of the witness's testimony and to establish that the testimony would have been admissible into evidence. *Id.* To demonstrate prejudice, the petitioner is required to establish that there was a reasonable probability that, had counsel presented the witness, the outcome of the trial would have been different because the fact that there was a witness that perhaps could have offered testimony beneficial to the defense is not in itself proof of counsel's ineffectiveness. *Gordon*, 2018 Ark. 73, 539 S.W.3d 586; *Johnson v. State*, 325 Ark. 44, 924 S.W.2d 233 (1996).

Maiden did not meet his burden of establishing that counsel was ineffective for failure to subpoena Eric because Maiden's claim that he was prejudiced was conclusory. The totality of his support for the assertion of ineffective assistance of counsel was the bare assertion that Eric, who did not witness the shooting, had made statements to the police that could have proved "Trenell to be a liar about his statement of seeing Maiden shoot Williams," and that Eric had the gun in his bag. There was no factual substantiation provided in the petition that Eric had made any statements concerning Trenell's veracity or, if he had made statements, what Eric had said that would have undermined Trenell's credibility. Likewise, there was no factual support for Maiden's allegation that the gun was found in Eric's bag. Without factual support, Maiden did not show that the failure to obtain Eric's testimony, even if counsel could have located and subpoenaed him, would have been crucial to the defense. Neither the exact contents of Eric's statement nor the circumstances under which Maiden alleged Eric's statement was given and to whom the statement was given were contained in the Rule 37.1 petition. Likewise, the facts on which it could be shown that the gun was in Eric's bag were not provided by Maiden, on whom the burden rested to substantiate with facts his conclusion that he was prejudiced. Again, under the Strickland standard for a showing of ineffective assistance of counsel, the petitioner claiming error must show there is a reasonable probability that, but for counsel's error, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the error. *Howard* [*v. State*], 367 Ark. 18, 238 S.W.3d 24. Maiden alleged nothing in his petition to establish a reasonable probability that the outcome of his trial would have been different if Eric had testified.

(Doc. No. 1, at 54-56).

Each of the Court's conclusions here were reasonable, and I do not believe fair-minded jurists would disagree as to the decisions at which they arrived. As such, the Arkansas Supreme Court's ruling should be given deference on these claims and relief should not be granted.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant." A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). In this case, Mr. Maiden has failed to make a showing that his constitutional rights were violated. Therefore, no certificate of appealability should be issued.

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.   Mr. Maiden's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED with prejudice.

2.   A certificate of appealability will not be issued.

SO ORDERED this 24th day of August 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE